IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TIERRA CHERELLE IRIGOYEN MENDOZA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:18-CV-105 |
| AMARILLO TEXAS POLICE DEPARTMENT, et al., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS LAWSUIT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

On June 5, 2018, plaintiff TIERRA CHERELLE IRIGOYEN MENDOZA ("Mendoza") filed a complaint alleging claims of false arrest by the Amarillo, Texas Police Department ("APD") and three individuals: Yvonne Laureles, Kalee Tucker, and Kendria Robinson [ECF 3]. This case has been referred to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. section 636(b) and a standing order of reference from the district court. Mendoza is proceeding *pro se* and *in forma pauperis*, and her case is subject to screening pursuant to 28 U.S.C. section 1915(e)(2)(B).

I.
SCREENING UNDER 28 U.S.C. § 1915(e)(2)(B)

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Mendoza must plead "enough facts to state a claim to relief that is plausible on its face[,]" and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, *Twombly*, 550 U.S. at 555, but the claim does not have facial plausibility unless the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.

"Two working principles underlie *Twombly*. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements[;] [and] [s]econd, determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 555-56). The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). The allegations of the pro se complaint must be held to less stringent standards than formal pleadings drafted by lawyers, and it must be apparent "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" to merit dismissal. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.
ANALYSIS OF MENDOZA'S CLAIMS

Mendoza's original complaint named only the APD as a defendant and listed very few factual allegations. The Court issued a Notice of Deficiency regarding the complaint [ECF 5] and

provided Mendoza with two opportunities to submit amended and more complete claims [ECF 5 and 8]. On July 20, 2018, Mendoza filed an Amended Complaint, asserting claims against APD and three individual defendants [ECF 9]. Pursuant to the standard discussed above, this Court has reviewed Mendoza's claims against the APD and also her claims against the three individual defendants in the Amended Complaint.

### A.  Mendoza's Claims Against APD

The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b). In this case, Amarillo is a home rule municipality. The Texas Code grants all authority to organize a police force to the city itself, see Tex. Local Gov't Code § 341.003; in turn, powers are reserved to the municipality itself to determine which entities can be sued.

"A Texas home rule city is organized not unlike a corporation." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991). "Like a corporation, it is a single legal entity independent of its officers." *Id.*  A Texas city can designate whether one of its own subdivisions can be sued as an independent entity. *Id.* Absent this authorization, Mendoza cannot bring suit against APD alone.

For a plaintiff to sue a city department, it must "enjoy a separate legal existence." *Darby*, 939 F.2d at 314 (citing *Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D.Ill. 1979)). A plaintff cannot pursue a suit against a city department on its own unless it is "a separate and distinct corporate entity." *Id.* (citing *Kirby Lumber Corp. v. State of La. through Anacoco-Prairie State Game and Fish Comm'n*, 293 F.2d 82, 83 (5th Cir. 1961)). "Accordingly, our cases uniformly show that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."

*Id.* (citing *Taylor v. Administrator of the SBA*, 722 F.2d 105, 110-11 (5th Cir. 1983)).

Mendoza fails to plead that the City of Amarillo ever granted its police department the capacity to engage in separate litigation. She seeks recovery from a legal entity that does not exist for her purposes. Consequently, this suit is brought against an entity with no jural existence, and as such, is subject to dismissal.

Even if Mendoza were to show that APD is a jural entity, or if she was allowed to amend her claims to sue the City of Amarillo, the Court observes that Mendoza has failed to allege any facts establishing liability on the part of either APD or the City of Amarillo. To state a claim against this defendant (or the City of Amarillo), Mendoza must identify an official policy, custom, or practice on the part of the city giving rise to a constitutional violation. *See Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents municipal policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). A municipal organization is liable for the actions of its employees only under the theory of liability set forth in *Monell*. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (clarifying that municipal culpability is not demonstrated by "simple or even heightened negligence"). These elements "exist to prevent a collapse of the municipal liability inquiry into a respondeat superior analysis." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010).

Mendoza did not allege *any* facts regarding customs, policies, or practices by the city or by the APD which would state a claim under this standard. Mendoza claims she was arrested in violation of her rights based on the false reports of the three individual actors named in her lawsuit.

Mendoza alleges no claims of conspiracy between the APD and the three individual actors, nor any pattern or practice of the APD engaging in false arrests. Thus, the Court recommends this claim be dismissed for failure to state a claim.

### B. Mendoza's Claims Against Individual Defendants

A plaintiff must allege and prove two elements to recover under section 1983: (1) deprivation of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted "under color of law." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *see also Mississippi Women's Medical Clinic v. McMillan*, 866 F.2d 788, 791 (5th Cir. 1989). Mendoza has pleaded enough facts to allege a right secured by the Constitution was affected by the actions of these defendants (although she has not adequately alleged enough facts to support a deprivation of such rights); nevertheless, Mendoza failed to allege any facts concerning the second element of the statute.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." *United States v. Wallace*, 885 F.3d 806, 810 (5th Cir. 2018) (alteration in original) (quoting *Kyllo v. United States*, 533 U.S. 27, 33 (2001)). A "Fourth Amendment seizure" occurs "when there is a governmental termination of freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989) (emphasis omitted). An "arrest" is "the quintessential 'seizure of the person' under [the] Fourth Amendment." *California v. Hodari D.*, 499 U.S. 621, 624 (1991).

Mendoza has alleged she was arrested based upon the false reports provided by the three named individuals. However, Mendoza failed to allege exactly what information was provided by the three individuals that was false and led to her arrest. Rule 9(b) of the Federal Rules of Civil

Procedure requires certain minimum allegations to be pled in fraud or false report cases including the specific place, time, and content of the false representations as well as the identity of the individual making the false representations. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993). Vague and general pleadings are inadequate; plaintiffs must distinguish among those they sue and enlighten each defendant as to his or her particular part in the alleged fraud. *Southland Sec. Corp. v. INSpire Ins. Solutions*, 365 F.3d 353, 372 (5th Cir. 2004). Mendoza has not met this pleading standard.

Private individuals generally are not considered to act under color of law, i.e., they are not state actors. *Adickes*, 398 U.S. at 152. A private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors. *Id.* at 152; *see also Auster Oil and Gas, Inc. v. Stream*, 764 F.2d 381, 387 (5th Cir. 1985). Mendoza has only alleged the three private individuals named in her Amended Complaint made false accusations to the APD. A private individual complainant in a criminal prosecution does not act under color of law. *Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975) (cited in *Auster*, 764 F.2d at 388 n.5). Even if the police relied upon these statements in making an arrest or charging Mendoza with a criminal offense, this does not make these individuals state actors. *See Hernandez v. Schwegmann Bros. Giant Supermarkets*, 673 F.2d 771, 772 (5th Cir. 1982).

Mendoza failed to allege any facts even suggesting that these three individuals, employed by a local nursing home, might have acted under color of law. Mendoza has not alleged any facts that would suggest these three individuals acted jointly with the police in a preconceived plan to cause Mendoza's arrest. *See White v. Scrivener Corp.*, 594 F.2d 140, 143-44 (5th Cir. 1979). Thus, Mendoza's claim has no arguable basis in fact or in law. Although this factual frivolousness theoretically could be subject to remedy by more specific factual pleading, Mendoza's Amended

Complaint does not even hint that additional facts exist that she could have pleaded to show these three defendants acted under color of law, nor does any filing suggest this could be accomplished through further amendment. *See Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992).

## V.
## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the complaint [ECF 3] filed by Mendoza be DISMISSED without prejudice pursuant to 28 U.S.C. section 1915(e)(2)(B).

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 6, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections

with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).